UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NINA TAYLOR,**

   **Plaintiff,**

v.                                   No. 4:24-cv-00626-P

**LOCKHEED MARTIN
AERONAUTICS COMPANY,**

   **Defendant.**

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Lockheed Martin Aeronautics Company's ("Lockheed") Partial Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 29). For the reasons below, the Court will grant the Motion.

## BACKGROUND

Plaintiff Nina Taylor has been employed by Lockheed since 2018 as a crate packer. In December 2022, Taylor was diagnosed with mental disabilities. Taylor informed Lockheed of her diagnosis and requested an accommodation. Lockheed granted her the accommodation and instructed other employees to communicate with her primarily in written form. Taylor alleges that her supervisor has failed to comply with the accommodation and occasionally orally speaks to her before sending her an email summarizing their conversation. Additionally, Taylor asserts that Lockheed has retaliated against her by denying her multiple requests to move to a different position within the company and allowing her supervisor to violate the accommodation. Taylor filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Lockheed's failure to accommodate her disability. The EEOC denied her claim and Plaintiff filed this lawsuit alleging five causes of action against Lockheed.

## LEGAL STANDARD

Rule 12(b)(6) allows defendants to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating Rule 12(b)(6) motions, courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

Taylor brings five claims against Lockheed: (1) Failure to Accommodate in violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) Harassment, Retaliation, and Failure to Transfer in violation of the Texas Commission on Human Rights Act ("TCHRA"); (3) Retaliation in violation of the ADA; (4) Hostile Work Environment in violation of the ADA; and (5) Hostile Work Environment in violation of the TCHRA. ECF No. 26. Lockheed moves to dismiss all of Taylor's

claims, except for her failure to accommodate claim, for failing to exhaust her administrative remedies.[1] ECF No. 29 at 1.

"Failure to exhaust is not a procedural 'gotcha' issue." *McClain v. Lufkin Indus.*, Inc., 519 F.3d 264, 272 (5th Cir. 2008). Allowing unexhausted claims to proceed would "thwart the administrative process and peremptorily substitute litigation for conciliation." *Id.* at 273. Therefore, the Court must dismiss any claims that fail to show administrative exhaustion where required. *See id.* at 272.

Before bringing a claim under the ADA, a plaintiff must file a charge of discrimination with the EEOC. *Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990). Following an investigation, the EEOC may issue a Right to Sue Letter. Upon receipt of the letter, a plaintiff may bring a discrimination suit extending "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577–78 (5th Cir. 1993) (citation and internal quotations omitted). Since the "provisions of [the ADA] were not designed for the sophisticated, and most complaints are initiated *pro se*, the scope of an EEOC complaint should be construed liberally." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).

But this liberal construction has limits. For instance, a charge must still state a claim's basic facts. *Fine*, 995 F.2d at 578. The test is whether a plaintiff's allegations logically grow out of the initial charge, such that the charge placed the employer on notice of the claims against them. *Manning v. Chevron Chem Co.*, LLC, 332 F.3d 874, 879 (5th Cir. 2003). If a charge failed to provide such notice, the plaintiff's administrative remedies are not exhausted. *See id.*

Here, as discussed above, the Parties dispute whether Taylor's claims logically flow from the EEOC charge. Taylor's EEOC charge states, in its entirety:

---

[1]Lockheed also argues that Taylor's hostile work environment claims should be dismissed for failure to state a claim. Because the Court finds that they should be dismissed for failure to exhaust administrative remedies, the Court need not and, thus, does not analyze that claim.

>    I believe I was denied a reasonable accommodation for my disability. Assistant Associate Manager Sarah Saenz continuously ignored my reasonable accommodation requests. Subsequently my disability was aggravated to the point I had to take a medical leave from work.
>
>    . . .
>
>    No reason given for Sarah's disregard to my reasonable accommodation.
>
>    . . .
>
>    I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended, the City of Fort Worth's Fair Employment Ordinance No. 7278, as amended, and Texas Labor Code Ch. 21 because:
>
>    I was hired in 2018. I am a Crater Packer A in Fort Worth, Texas. I had no problems until Sarah Saenz became my manager in or around October 2021. In or around December 2022. I was diagnosed with mental disabilities. Management and HR approved my doctor's reasonable accommodation request. Sarah was to communicate to me primarily in written format. After a short period of time Sarah began to ignore my accommodation and did not communicate with me via email or written form. This aggravated my disabilities. I complained, but nothing changed. In July 2023. I felt I had no choice but to take a medical leave. I returned to work on October 23. 20[2]3. My supervisor ignored my accommodations. I complained to our labor relations department, and I was told to resubmit my reasonable accommodation request again. I did so and on October 26, 2023, all of my accommodations were denied.

ECF No. 30 at 3.

Besides her failure to accommodate claim that is not at issue, Taylor brings four claims against Lockheed under the TCHRA and ADA, two for retaliation and failure to transfer and two for creating a hostile work environment. *See* ECF No. 26. Lockheed argues that these claims should be dismissed because Taylor's EEOC charge contains no facts to support these claims, does not mention these claims, and because she did not check the appropriate boxes for these claims. ECF No. 29 at 2–8, 11–13. Taylor, in her Response, asserts that she was not required to include

every fact in her charge and that her allegation that her supervisor ignored her accommodations is sufficient to incorporate her claims. ECF No. 31. Additionally, Taylor asserts that all her ADA claims logically flow from the charge because she alleged discrimination in violation of the ADA. *Id.*

To state a retaliation claim, Taylor "must show (1) that [s]he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) (citation omitted). Additionally, to support a hostile work environment claim, employees must allege more than discrete acts of discrimination for their EEOC charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Discrimination and hostile work environment claims are distinct. *See id.* A hostile work environment's "very nature involves repeated conduct." *Id.* Thus, a hostile work environment "cannot be said to occur on any particular day. It occurs over a series of days or perhaps even years and, in direct contrast to discrete acts." *Id.* A workplace becomes hostile when "it is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc*, 510 U.S. 17, 21 (1993)).

Even construing Taylor's EEOC charge liberally, her claims do not flow logically from the EEOC charge. Beginning her retaliation and failure to transfer claims do not logically flow because: (1) she did not check the appropriate box; (2) her charge does not mention retaliation nor her requests to transfer; (3) she does not allege that the supervisor's actions changed from before her medical leave[2] to after; and (4) there are no facts in the charge that suggest any adverse actions that were

---

[2]The Court liberally construes the medical leave as her protected event. The Court does so because, if receiving or requesting an accommodation is a protected event, then every failure to accommodate claim also becomes a retaliation claim. This would be an inappropriate result because they are distinct claims with distinct elements.

taken were causally related to her medical leave. While Taylor argues that her statement in the charge that she was discriminated against in violation of the ADA is sufficient to put Lockheed on notice of all potential ADA claims; that assertion is plainly wrong. *See, e.g.*, *Haferbier v. IMER USA, Inc.*, No. 4:24-CV-00315-P, 2024 WL 3094616 (N.D. Tex. June 20, 2024) (Pittman, J.) (explaining that employees must allege more than generalities to support distinct claims). Similarly, with the hostile work environment claims, Taylor's claims do not logically flow from her EEOC charge because: (1) she did not check the appropriate box; (2) the charge does not mention a hostile work environment or anything close to such a claim; and (3) the alleged facts support her failure to accommodate claim, but do not show a workplace that is permeated with discriminatory intimidation, ridicule, and insult. Therefore, the Court finds that Taylor's EEOC charge did not provide Lockheed with the required notice that she may pursue these claims against it because they do not logically flow from the allegations contained therein. Accordingly, Lockheed's Motion is **GRANTED**.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Lockheed's Partial Motion to Dismiss (ECF No. 29) and **DISMISSES** all of Taylor's claims except for her failure to accommodate claim.

**SO ORDERED** on this **6th day of January 2025.**

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

6